**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Mary F., | No. 20-cv-111-DSD-KMM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Andrew Saul, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court on Mary F.'s motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Pl.'s Mot., ECF No. 21. The Commissioner does not object "to an award of non-excessive fees" and asserts that, subject to any offset to satisfy a pre-existing debt owed to the United States, an award of EAJA fees payable to the Plaintiff as the prevailing party "will settle all EAJA claims under this suit." Def.'s Resp., ECF No. 28. For the reasons that follow, the Court recommends that Ms. F's motion be granted.

In relevant part, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The statute requires the party seeking an award of fees and other expenses to file an application within thirty days of the final judgment. *Id.* § 2412(d)(1)(B). The applicant must show that she is the prevailing party and is eligible to receive an award of fees. *Id.* In addition, the application must show "the amount sought, including an itemized statement from any attorney … appearing on behalf of the party stating the actual time expended and the rate at which fees … were computed." *Id.*

1

Ms. F has shown that she is a prevailing party. *Youness v. Berryhill*, No. CV 17-4108 (DSD/BRT), 2018 WL 4218805, at *1 (D. Minn. Sept. 5, 2018) ("A party who obtains a sentence-four remand, such as Plaintiff, qualifies as a "prevailing party" under the EAJA."). She has also shown that her net worth did not exceed $2,000,000 when this case was filed, so she is eligible to receive an EAJA award. *Id.* The Commissioner's response also does not contest the propriety of a non-excessive fee award, which the Court construes as a concession that his position in the litigation was not substantially justified. *See id.* (citing *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1008 (E.D. Ark. 2011) (declining to discuss substantial justification where the Commissioner conceded that an award of fees was appropriate).

In support of the motion, Ms. F's attorneys, James Greeman and Daniel Yates, submitted itemized billing records indicating the rate at which the requested fees were computed and the time they spent on various tasks in the litigation. Greeman Decl., ECF No. 23; Yates Decl., ECF No. 24. Mr. Greeman spent 3.25 hours working on the case and Mr. Yates 19.5 hours. Greeman Decl. ¶¶ 4–5; Yates Decl. ¶¶ 4–5. Based on the attorneys' declarations, the Court finds that the hours expended and the tasks undertaken were reasonable.

Mr. Greeman and Mr. Yates request a fee of $197 per hour for their work. Greeman Decl. ¶ 3; Yates Decl. ¶ 4. Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Based on the Consumer Price Index chart submitted by Ms. F's counsel, the Court finds that an increase in the cost of living from the EAJA's enactment in March 1996 justifies the higher rate requested by Mr. Greeman and Mr. Yates. Accordingly, the Court finds that an award of $4,481.75 is appropriate under the circumstances of this case.

### Recommendation

Based on the foregoing, the Court recommends that Ms. F's motion for attorney's fees be **GRANTED**. The Commissioner should be required to pay Plaintiff an award of $4,481.75 in attorney's fees under the Equal Access to Justice Act.

Date: April 26, 2021

_s/Katherine Menendez_
Katherine Menendez
United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.