UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mary F., | No. 20-cv-111 (DSD/KMM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Andrew Saul, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court on Mary F.'s Motion for Attorney Fees pursuant to 42 U.S.C. § 406 (b). [ECF No. 33]. Counsel for Ms. F. seeks $22,082.37—the amount withheld from her unpaid benefits—in attorney's fees, with the provision that the lesser amount of fees previously awarded under the Equal Access to Justice Act be refunded to Ms. F. [ECF No. 33]. The Commissioner filed a response to the motion and encouraged the Court to consider whether the fee award sought would be excessive and would result in a windfall to Ms. F.'s counsel. For the following reasons, the Court recommends granting Ms. F.'s motion.

**I. Background**

In January 2020, Ms. F. filed the Complaint in this matter seeking review of the Social Security Administration's denial of her application for disability benefits and Supplemental Security Income. [ECF No. 1]. In January 2021, the Court "remanded this matter to the Social Security Administration for further proceedings pursuant to sentence 4 of 42 U.S.C. § 405(g)." [ECF No. 17]. Shortly thereafter, Ms. F. moved for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), which the Court granted and thereupon issued an award of $4,481.75. [ECF Nos. 21, 31].

1

Ms. F. prevailed before the Social Security Administration on remand and was awarded disability benefits for a period beginning in May 2016, from which the administration withheld $21,715.87 —25 percent—for representative fees. [Ex. 1, ECF No. 35]. She was also awarded Supplemental Security Income for a period beginning in February 2016—25 percent of the past-due amount of which counsel for Ms. F. calculates to be $366.50. [Ex. 2, ECF No. 36; ECF No. 34 at 6]. The sum of these figures is $22,082.37.[1] Ms. F.'s counsel filed the instant motion seeking an award of this amount in fees. In support of the motion, counsel submitted two Notices of Award from the Social Security Administration, the attorney fee agreement between counsel and Ms. F., and a copy of the Appointment of Representative form. [Exs. 1–4, ECF Nos. 35–38]. Counsel previously submitted two time-logs recording the time spent on this case in support of the prior motion for fees under the EAJA. [ECF Nos. 23–24].

II.  Analysis

42 U.S.C. § 406 (b)(1)(A) provides that a court may award a successful claimant's counsel "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." On a motion for an award of contingency fees under this section, the Court's role is to review "such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The 25-percent figure is merely an upper cap on fees established by Congress, and counsel for a successful claimant must still "show that the fee sought is reasonable for the services rendered." *Id.* To assess the reasonableness of the fee award sought, the Court must first look to the contingent fee agreement, then assess the "character of the representation and the results the representative achieved." *Id.* at 808. A fee award may be reduced by the Court where "the

---

[1] The Commissioner does not dispute these calculations.

2

representation is substandard, when counsel delays the proceedings resulting in the accumulation of benefits, or when the benefits are large in comparison to the amount of time counsel spent on the case." *Miller v. Kijakazi*, No. 19-cv-2842 (JRT/TNL), 2021 WL 5216903, at *2 (D. Minn. Nov. 9, 2021) (quotation omitted).

    Here, Ms. F.'s representation was ultimately successful, though arguably only partially: while Ms. F. received a favorable decision upon remand, she had amended her alleged onset date at the original hearing before the ALJ from May 2013 to November 2015, and received benefits from 2016 forward. [R&R, ECF No. 16 at 2 n.1; Administrative R., ECF No. 11 at 40, 57–58]. The fee agreement provides that if the Social Security Administration "does not favorably decide the claim and a civil action is filed in Federal District Court, [Ms. F.'s] attorney shall have the option and right to file a FEE PETITION seeking a fee greater than $6,000 but not more than twenty-five percent (25%) of the total past due benefits." [Ex. 3, ECF No. 37]. Therefore, an award of some fees is warranted under the fee agreement and permissible under § 406(b)(1)(A).

    As an initial matter, counsel argues that the actual amount of fees requested here is $17,600.62, because if their motion is granted, counsel would refund the prior $4,481.75 award of EAJA fees. However, counsel cites no authority for the proposition that the refund of a prior award of fees should be subtracted from the amount sought in a § 406(b) motion before the reasonableness of the amount is assessed. Indeed, the statute makes clear that counsel may not receive attorney's fees under both the EAJA and § 406(b) for the same services. 42 U.S.C. § 406(b)(1)(A) (providing that where an attorney is awarded fees under this subsection, "no other fee may be payable or certified for payment for such representation"). Therefore, if the instant motion is granted, counsel would not be returning or foregoing a fee award to which they would also be entitled, but returning money which they can no longer keep. Accordingly, the amount of

3

fees to be assessed for reasonableness is the full request of $22,082.37. Nevertheless, the Court recommends finding that the requested attorney's fees are reasonable.

Contingent-fee agreements for the statutory maximum 25 percent of past-due benefits "are the most common fee arrangement between attorneys and Social Security claimants," and nothing in the fee agreement here suggests that it was facially unreasonable when entered. *Gisbrecht*, 535 U.S. at 800. There is no indication that counsel caused any delay in this matter, *see id.* at 808 ("If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court."), nor is there any indication that counsels' representation was substandard. *Id.* (citing *Lewis v. Sec'y of Health & Hum. Servs.*, 707 F.2d 246 (6th Cir. 1983)).

Finally, the full award here would not be so "large in comparison to the amount of time counsel spent on the case" as to warrant a reduction. *Id.* Counsel spent a combined 22.75 hours on this case, which means the full amount they request would compensate them at an effective rate of $970.65 per hour. While this rate is towards the upper end of rates approved in this district, it would not be the highest. *E.g.*, *Miller*, 2021 WL 5216903, at *2 (approving award with effective rate of $741.71 and collecting cases granting awards with effective rates of $775.85, $1,229.63, and $1,141.91). Finally, the number of hours counsel reports spending on this matter is not excessive in light their 15-page memorandum and the 1756-page administrative record at issue. Accordingly, the requested fee award would not constitute a windfall for Ms. F.'s counsel.

### III.    Recommendation

Based on the foregoing, the Court hereby **RECOMMENDS**:

1. That Ms. F.'s Motion for Attorney Fees [ECF No. 33] be **GRANTED**;
2. That counsel for Ms. F. be awarded $22,082.37 in attorney's fees; and

3. That counsel for Ms. F. be ordered to refund to Ms. F. $4,481.75, representing the fees previously awarded under the EAJA.

Date: December 21, 2021

s/Katherine Menendez<br>
Katherine Menendez<br>
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.